Cite as 2023 Ark. App. 481

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-812

| | |
|---|---|
| KAITLIN BARNETT<br><br>APPELLANT | Opinion Delivered October 25, 2023 |
| V. | APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT [NO. 71JV-21-19] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br>APPELLEES | HONORABLE SUSAN WEAVER, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## MIKE MURPHY, Judge

Kaitlin Barnett appeals from the Van Buren County Circuit Court's order terminating her parental rights to her minor child, MC (DOB 01-21-20). Following the dictates of Arkansas Supreme Court and Court of Appeals Rule 6-9(j) (2022) and *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), Barnett's attorney has filed a motion to be relieved as counsel and a no-merit brief asserting that there are no issues of arguable merit to support an appeal. The clerk of our court sent copies of the brief and the motion to withdraw to Barnett, informing her of her right to file pro se points for reversal pursuant to Rule 6-9(j)(3), and Barnett has not done so. Having reviewed counsel's brief and the record, we agree that an appeal would be wholly

frivolous. Therefore, we affirm the order terminating Barnett's parental rights and grant counsel's motion to withdraw from representation.

On July 3, 2021, the Arkansas Department of Human Services (DHS) placed an emergency hold on MC. In an affidavit attached to the emergency petition, a family service worker averred that DHS became involved with Barnett after a domestic dispute between Barnett and her sister prompted a call to police, which resulted in DHS involvement because Barnett was homeless and appeared to be under the influence. On July 6, the circuit court entered an ex parte order placing custody of MC with DHS. On August 9, the court adjudicated MC dependent-neglected due to parental unfitness caused by drug use and inadequate protection.

On November 3, a review hearing was held, and Barnett was found to be noncompliant with the case plan and court's orders. Specifically, the court noted that Barnett was not in compliance with her parole or the case plan, she had been arrested on new charges and had additional felony charges pending, she failed to appear in court, and she had failed a drug screen that was administered while she was in police custody.

At a review hearing held on March 9, 2022, the court found that Barnett was incarcerated on charges from two different counties for failing to report and failing numerous drug tests; as a result, she was facing revocation of her parole. Prior to her incarceration, she had failed to show for drug assessments and complete counseling. The court set the case for a permanency-planning hearing.

At the June 1 permanency-planning hearing, Barnett was incarcerated in the Arkansas Division of Correction. The court authorized a plan for adoption with a concurrent goal of relative placement or guardianship on the basis of Barnett's testimony and psychological evaluation. In response, DHS filed a petition to terminate parental rights alleging that termination was in MC's best interest; and Barnett was unfit because she was sentenced to a term of incarceration that constituted a substantial portion of MC's life, had not corrected the conditions that arose after removal, and subjected MC to aggravated circumstances.

At the termination hearing on September 8, Barnett testified she had been incarcerated since July 8, 2022. Barnett was sentenced to seventy-two months for the revocation of her probation after being convicted of felony forgery in addition to a suspended imposition of sentence and fines.

Additional pertinent testimony indicated that MC had been in the same foster home for the duration of the case, the foster parent had expressed an interest in adopting MC, and MC is very adoptable. The caseworker further testified that MC would be subject to potential harm if returned to Barnett's custody because Barnett was incarcerated, and when Barnett was not incarcerated for the first eight months of the case, she was unable to demonstrate that she was willing or able to discharge her parental responsibilities.

At the end of the hearing, the court made oral findings and terminated Barnett's parental rights. The court's termination order found, in pertinent part, that Barnett had been sentenced in a criminal proceeding that constituted a substantial portion of MC's life. While Barnett testified that she believes she could be released in October 2022—or at the

3

latest, March 2023—the court noted that if Barnett serves the entirety of her sentence, she will not be released from incarceration until March 2028. It found that even if Barnett was released when alleged, Barnett would still have to establish a home, sobriety, and a job. The court further found that termination was in MC's best interest because MC would be subject to potential harm if returned to Barnett's custody. Barnett filed a timely notice of appeal.

The first adverse ruling discussed by Barnett's attorney is the circuit court's termination decision. This court reviews termination-of-parental-rights cases de novo. *Lloyd v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 461, at 7, 655 S.W.3d 534, 540. Termination requires a finding of at least one statutory ground and a finding that termination is in the child's best interest. *Id.* at 8, 655 S.W.3d at 540. Arkansas Code Annotated section 9-27-341(b)(3) (Supp. 2023) requires a circuit court's order terminating parental rights to be based on clear and convincing evidence. *Lloyd*, 2022 Ark. App. 461, at 8, 655 S.W.3d at 540. Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Baker v. Ark. Dep't of Hum. Servs.*, 340 Ark. 42, 48, 8 S.W.3d 499, 503 (2000). When the burden of proving a disputed fact is by clear and convincing evidence, the question that must be answered on appeal is whether the circuit court's finding was clearly erroneous. *Payne v. Ark. Dep't of Hum. Servs.*, 2013 Ark. 284, at 3. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* This court gives a high level of deference to the circuit court

because it is in a far superior position to observe the parties before it and to judge the credibility of the witnesses and the weight of the evidence. *Id.*

Barnett's counsel argues that there is no merit to an appeal of the circuit court's finding that Barnett was sentenced in a criminal proceeding for a period of time that constitutes a substantial period of MC's life, such that her rights may be terminated under Ark. Code Ann. § 9-27-341(b)(3)(B)(viii). We agree.

Although Barnett asserted that she would be released within six months, it is the prison sentence itself, not the potential release date, that determines whether this statutory ground is satisfied. *Sills v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 9, at 9, 538 S.W.3d 249, 255. Here, Barnett was sentenced to seventy-two months' incarceration. Further, the court's finding that Barnett's incarceration encompasses a substantial period of the child's life fell within the bounds of our case law. *See Moses v. Ark. Dep't of Hum. Servs.*, 2014 Ark. App. 466, 441 S.W.3d 54 (holding that Moses's five-year prison sentence constituted a substantial portion of his children's lives because they were toddlers at the time of the termination hearing). Thus, this argument has no merit.

Barnett's attorney also argues that there is no merit to an appeal of the circuit court's best-interest finding. When making the best-interest finding, a circuit court must consider (1) the likelihood that the child will be adopted if the termination petition is granted; and (2) the potential harm, specifically addressing the effect on the health and safety of the child caused by returning the child to the custody of the parent. *Migues v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 439, at 10, 586 S.W.3d 221, 227–28.

Barnett's counsel points out that the caseworker testified that MC is adoptable, which this court has held supports an adoptability finding by the circuit court. *Cole v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 121, at 6–7, 543 S.W.3d 540, 544. Barnett's counsel also contends the evidence demonstrates that MC would be subjected to potential harm if returned to Barnett. Potential harm must be viewed in a forward-looking manner and in broad terms. *Gonzalez v. Ark. Dep't Hum. Servs.*, 2018 Ark. App. 425, at 12, 555 S.W.3d 915, 921. The court is not required to find that actual harm would result or to affirmatively identify potential harm. *Id.* at 12, 555 S.W.3d at 921.

Here, Barnett was incarcerated at the time of the termination hearing, and a return of custody was not a possibility. Barnett's incarceration clearly constituted unstable and inappropriate housing for a child, and stable housing is a child's most basic need. *See Latham v. Ark. Dep't of Hum. Servs.*, 99 Ark. App. 25, 256 S.W.3d 543 (2007). Accordingly, the circuit court's finding that termination of Stewart's parental rights was in the child's best interest was not clearly erroneous and presents no nonfrivolous basis for an appeal.

Counsel identifies one other ruling adverse to Barnett. At the close of DHS's case, counsel for DHS made an oral motion to conform the pleadings to the evidence pursuant to Ark. R. Civ. P. 15(b) to add an additional ground that allows for termination if the child has been adjudicated dependent-neglected, the child has been out of the parent's home for twelve months, and despite meaningful efforts, the parent has failed to remedy the issues causing removal. *See* Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)*. The court granted the motion.

This amendment was not prejudicial to Barnett because the court had an alternate ground on which it relied and which we now hold supports the termination—Barnett's lengthy incarceration.

Counsel has complied with the dictates of *Linker-Flores* and the rules of this court, and we conclude that an appeal would be wholly frivolous in this case. Accordingly, we affirm the order and grant counsel's motion to withdraw from representation.

Affirmed; motion to withdraw granted.

WOOD and BROWN, JJ., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.