Cite as 2026 Ark. App. 259

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-25-821

| | | |
|---|---|---|
| ALEXIS WELSH | | Opinion Delivered April 29, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30JV-23-82] |
| V. | | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | | HONORABLE STEPHEN L. SHIRRON, JUDGE |
| | APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BART F. VIRDEN, Judge**

Alexis Welsh appeals the Hot Spring County Circuit Court order terminating her parental rights to MC1 and MC3, who were four years old and a few days old, respectively, at the time of removal. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Rule 6-9(j) of the Rules of the Arkansas Supreme Court and Court of Appeals, Alexis's counsel filed a no-merit brief and a motion to withdraw asserting there are no issues of arguable merit to raise on appeal.[1] The clerk of this court provided Alexis with a copy of her counsel's brief and notified her of her right to file a pro

---

[1]MC2 was permanently placed with her father during the pendency of this case and is not a party to this no-merit appeal. The termination of Alexis's parental rights to MC2 is in the subject of the companion case, *Welsh v. Arkansas Department of Human Services*, 2026 Ark. App. 258, ___ S.W.3d ___, also handed down today.

se statement of points for reversal. She did not do so. We affirm the termination of Alexis's parental rights and grant counsel's motion to withdraw.

I. *Relevant Facts*

On June 19, 2023, the Arkansas Department of Human Services (Department) exercised a seventy-two-hour emergency hold over Alexis's children, MC1, MC2, and MC3. On June 23, the Department filed a petition for dependency-neglect regarding the children and named Christopher Krum as MC2's putative father. Johnathon Mason was identified as MC1's father. No father was identified for MC3.

In the affidavit attached to the petition, the Department alleged the following. MC3 was born on June 15, testing positive for amphetamines. Alexis tested positive for methamphetamine and amphetamines, though she initially denied drug use. Later, she admitted she had recently taken pills and snorted an unknown substance. Alexis's parents had physical custody of MC1 and MC2, but Alexis refused to tell the caseworker where they were. The caseworker attempted to assess Alexis's mother's home, but the driveway gate was locked, and the occupants of the home did not respond to the caseworker's honking or phone calls. When the caseworker successfully performed a random check of the home, she found it piled high with trash, boxes, and clothing, and it smelled strongly of trash and rotten food. The children did not have an appropriate place to sleep. Alexis was drug tested, but the test was invalid due to the temperature of the sample. Alexis denied having a drug problem and refused inpatient treatment. The children were removed due to Alexis's drug

use, Garrett's Law, Alexis's hindering the investigation, and the previous maltreatment of a child in her care.

An ex parte order for emergency custody was entered on June 23. The court found that the Department had been involved with the family since August 13, 2018, and Alexis had received Department services that had not prevented the children's removal from her custody. On July 27, the circuit court entered the probable-cause order finding that emergency conditions necessitated the removal of the children from Alexis's custody. In the court's August 15, 2023 adjudication order, Alexis stipulated that children were adjudicated dependent-neglected. The court set the goal of the case as reunification.

In the February 8, 2024 review order, the court found that Alexis had completed a twenty-eight-day inpatient treatment at Harbor House but did not comply with the recommendation that she complete sixty-day inpatient treatment. Alexis had attended visitation, completed her psychological evaluation, and submitted to drug screening. The goal of the case continued as reunification.

In the May 16 review order, the court found that Alexis, Christopher, and Johnathon were compliant with the case plan, and Alexis was ordered to complete hair-follicle drug testing. The goal remained reunification.

On October 8, the circuit court entered the fifteen-month review order, changing the goal of the case. Regarding MC1 and MC3, the court authorized a plan for termination and adoption. Alexis was found to have partially complied with the case plan. She tested positive for illegal substances and had not submitted to the second recommended drug-and-alcohol

3

assessment. She had been living with her mother who recently died, and she was not sure if she would inherit the home and continue living there. Alexis consistently arrived late to visitation and had not provided proof of employment.

The Department filed the termination petition against Alexis on October 29. The Department alleged several statutory grounds, including twelve-months failure to remedy, subsequent issues, and aggravated circumstances. The Department alleged that the children are adoptable, and potential for harm existed if the children were returned to Alexis's custody.

After several continuances, on April 23, 2025, the circuit court entered a review order finding that Alexis had not complied with the case plan and remained unfit.

On July 9, the court held a termination hearing regarding Johnathon and Alexis; however, because Johnathon's attorney was absent due to illness, the court continued the hearing as to MC1 and MC3. At the conclusion of the hearing, the court terminated Alexis's parental rights to MC2.

A hearing was held on the termination petition on September 10. Though Alexis had been notified of the hearing, she did not appear. The case supervisor, Kim Sowell, testified that both the children and Alexis received Department services. Alexis had undergone drug-and-alcohol assessment and a psychological evaluation, and she was offered drug screenings, parenting classes, counseling, and transportation. Alexis had failed to make any progress in the case plan or follow court orders. Alexis had not attended weekly family visitation since July. Sowell testified that Alexis was informed of the place and time of the hearing, but Alexis

4

had not indicated whether she would come. Sowell testified that Alexis's continued drug use, her failure to exercise visitation, and the fact that the Department had not been given access to the home for an assessment all indicated that Alexis had not remedied the cause of the children's removal. Sowell opined that due to Alexis's actions, there was potential for harm if the children were returned to her custody, and further services would not result in successful reunification. Sandra Marfoglio-Hinton, the adoption specialist, testified that the children as a sibling group are highly adoptable.

The circuit court entered the order terminating Alexis's parental rights to MC1 and MC3 on October 6. The court found the evidence and testimony presented supported three statutory grounds for terminating Alexis's parental rights to MC1 and MC3: twelve months failure to remedy, subsequent issues, and aggravated circumstances. The court also determined that the testimony of the adoption specialist supported its finding that the children are adoptable. As to potential harm, the court found that the children would be subject to potential harm if returned to Alexis's custody due to her failure to address her drug problem, failure to attend family visitation, and the video of Alexis hiding a backpack containing drug paraphernalia and urine samples in the courthouse bathroom.

Alexis timely filed her notice of appeal, and this no-merit appeal followed.

## II. *Discussion*

A circuit court's order terminating parental rights must be based on findings proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3) (Supp. 2023). Clear and convincing evidence is defined as that degree of proof that will produce in the fact-finder a

5

firm conviction as to the allegation sought to be established. *Posey v. Ark. Dep't of Hum. Servs.*, 370 Ark. 500, 262 S.W.3d 159 (2007). On appeal, the appellate court reviews termination-of-parental-rights cases de novo but will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In determining whether a finding is clearly erroneous, an appellate court gives due deference to the opportunity of the circuit court to assess the witnesses' credibility. *Lee v. Ark. Dep't of Hum. Servs.*, 102 Ark. App. 337, 285 S.W.3d 277 (2008). Only one ground is necessary to terminate parental rights. *Id.*

Arkansas Supreme Court Rule 6-9(j)(1) allows counsel for an appellant in a termination case to file a no-merit brief and motion to withdraw if, after studying the record and researching the law, counsel determines the appellant has no meritorious basis for appeal. The brief must include an argument section that includes all circuit court rulings that are adverse to the appellant on all objections, motions, and requests made by the party at the hearing from which the appeal arose and an explanation why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(j)(1)(A). Additionally, the brief's statement of the case and facts must contain all rulings adverse to the appellant made by the circuit court at the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(j)(1)(B).

In evaluating a no-merit brief, the issue for this court is whether the appeal is wholly frivolous or whether there are any issues of arguable merit for appeal. *Linker-Flores*, 359 Ark. 131, 194 S.W.3d 739.

To terminate parental rights, a circuit court must find clear and convincing evidence as to one or more of the grounds for termination listed in Ark. Code Ann. § 9-27-341(b)(3)(B). *Trogstad v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 443, 609 S.W.3d 661. The circuit court must also find by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood the juvenile will be adopted if the termination petition is granted; and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii).

The only adverse ruling was the circuit court's termination decision. This court reviews termination-of-parental-rights cases de novo. *Lloyd v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 461, 655 S.W.3d 534. Termination requires a finding of at least one statutory ground and a finding that termination is in the child's best interest. *Id.* Arkansas Code Annotated section 9-27-341(b)(3) requires that a circuit court's order terminating parental rights be based on clear and convincing evidence. *Lloyd*, 2022 Ark. App. 461, at 8, 655 S.W.3d at 540. Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Barnett v. Ark. Dep't of Hum. Servs.*, 2023 Ark. App. 481. When the burden of proving a disputed fact is by clear and convincing evidence, the question that must be answered on appeal is whether the

circuit court's finding was clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* This court gives a high level of deference to the circuit court because it is in a far superior position to observe the parties before it and to judge the credibility of the witnesses and the weight of the evidence. *Id.*

The circuit court's finding regarding the statutory basis for the termination of Alexis's parental rights is supported by clear and convincing evidence. The court found three statutory grounds supported termination; however, only one statutory ground is necessary to terminate parental rights.

> A court of competent jurisdiction may terminate parental rights when
>
> a juvenile has been adjudicated by the court to be dependent-neglected and has continued to be out of the custody of the parent for twelve (12) months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent.

Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)* (currently codified at Ark. Code Ann. § 9-35-325(b)(3)(B)(i)*(a)(1)* (Supp 2025).

Regarding the twelve-month-failure-to-remedy ground, the circuit court found that on June 23, 2023, MC1 and MC3 had been removed from Alexis's custody pursuant to Garrett's Law and due to environmental neglect, and the children remained out of her custody for the entirety of the case. The court found that the Department had made reasonable efforts to provide services to Alexis; however, she had not remedied her drug problem. Alexis tested positive for illegal substances throughout the case and several times

submitted a sample that had been tampered with. On the day of the separate termination hearing regarding MC2, Alexis hid a backpack containing drug paraphernalia and urine samples inside the courthouse bathroom, and she faced criminal charges related to the incident.

Because only one ground listed in section 9-27-341(b)(3)(B) need be proved to support termination, there can be no meritorious argument for challenging the statutory-grounds findings of the court. *Braswell v. Ark. Dep't of Hum. Servs.*, 2024 Ark. App. 395.

Regarding the best-interest finding, counsel argues that there is sufficient evidence to support the court's finding that termination was in the best interest of the children. When making the best-interest finding, a circuit court must consider (1) the likelihood that the child will be adopted if the termination petition is granted; and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. *Migues v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 439, 586 S.W.3d 221.

The adoption specialist testified that the children as a sibling group are highly adoptable and that there are no barriers to adoption for either of them, which supports the circuit court's adoptability finding. *Cole v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 121, at 6–7, 543 S.W.3d 540, 544.

As to potential harm, the circuit court is not required to find that actual harm would result or to affirmatively identify a potential harm. *Ross v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 503, 529 S.W.3d 692. Potential harm must be viewed in broad terms, and "potential"

necessarily means that the court is required to look to future possibilities. *Id.* We have held that continued drug use and instability demonstrate potential harm sufficient to support a best-interest finding in a termination-of-parental-rights case. *See Braswell*, *supra*.

The circuit court was presented with sufficient evidence of potential harm, and the same facts that support the twelve-months-failure-to-remedy statutory finding support the court's potential-harm finding. Overall, Alexis could not demonstrate that at the time of the termination hearing she had remedied the drug problem that caused the removal of her children from her custody. Counsel asserts that the circuit court's finding that the children would be at risk of potential harm if returned to her was not erroneous. We agree with this assessment and conclude that the evidence was sufficient to support the circuit court's best-interest analysis.

Counsel has complied with the dictates of *Linker-Flores* and the rules of this court, and an appeal would be wholly frivolous in this case. Accordingly, we affirm the order and grant counsel's motion to withdraw from representation.

Affirmed; motion to withdraw granted.

ABRAMSON and HARRISON, JJ., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.